Filed 9/19/25  Schermerhorn v. City of Palm Springs CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA STATE OF CALIFORNIA

| | |
|---|---|
| DAVID SCHERMERHORN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF PALM SPRINGS,<br><br>    Defendant and Respondent. | D086169<br><br><br>(Super. Ct. No. CVPS2204973) |

APPEAL from a judgment of the Superior Court of Riverside County, Manuel Bustamante, Jr., Judge.  Affirmed.

Wilshire Law Firm, Oscar Roesler, Todd P. Drakeford, Cameron H. Totten and Hazel S. Chang, for Plaintiff and Appellant.

Best Best & Krieger, Amy E. Hoyt, Jessica K. Lomakin and Adrianna Castro, for Defendant and Respondent.

David Schermerhorn was injured when the driver of the car he was riding in, Dale Pawley, made an illegal U-turn and collided with an oncoming car. He filed a negligence action against Pawley and sued the State of California, the County of Riverside, and the City of Palm Springs (City), alleging that the location of the accident constituted a dangerous condition of public property. (Gov. Code, § 835.)[1] The trial court sustained the City's demurrer to Schermerhorn's second amended complaint (the operative complaint) without leave to amend.

On appeal, Schermerhorn asserts the operative complaint sufficiently alleges facts establishing a dangerous condition of public property. In the alternative, he argues the court abused its discretion by denying him an opportunity to further amend his complaint. We disagree and affirm the judgment of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 5:15 p.m. on December 23, 2021, Schermerhorn was a passenger in a vehicle driven by Pawley, traveling westbound on West San Rafael Drive. Pawley pulled over to the shoulder of the road and then attempted an illegal U-turn to head eastbound on West San Rafael. In doing so, he turned into the path of another vehicle also traveling westbound, which collided with Pawley's vehicle and caused Schermerhorn's injuries.

After Schermerhorn filed his initial complaint and an amended complaint, the City demurred, contending that the general allegations in the first amended complaint failed to state a cause of action for dangerous

---

[1] Statutory references are to the Government Code unless otherwise indicated.

2

condition of public property. The trial court sustained the demurrer, but granted Schermerhorn leave to amend.

The City again demurred to Schermerhorn's second amended complaint, arguing that: (1) he failed to allege with particularity the existence of a dangerous condition and how the City had notice of it; and (2) the City was immune under section 830.4 for any failure to provide traffic controls. The court sustained the demurrer without leave to amend. It held that, as a matter of law, the operative complaint's "generalized allegations" were insufficient to establish either the existence of a dangerous condition or notice to the City. The court then dismissed the action as to the City.

## DISCUSSION

The Government Claims Act (the Act) (Gov. Code, § 810 et seq.) establishes a detailed legal framework that governs when public agencies and their employees can be held liable for torts. (*Nealy v. County of Orange* (2020) 54 Cal.App.5th 594, 601.)

A public entity may only be held liable for injuries as expressly authorized by statute (§ 815), and section 835 provides the sole statutory basis for imposing liability on a public entity for injuries resulting from a dangerous condition of its property. (*Brown v. Poway Unified School District* (1993) 4 Cal.4th 820, 829 (*Brown*).) Section 835 requires a plaintiff to plead that (1) a dangerous condition existed on the public property at the time of the injury; (2) the dangerous condition proximately caused the plaintiff's injury; (3) the condition created a reasonably foreseeable risk of the kind of injury sustained by the plaintiff; and (4) the public entity had actual [notice] or constructive notice of the dangerous condition of the property in sufficient time to have taken measures to protect against it.

3

A " '[d]angerous condition' " is "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) A dangerous condition may exist when public property "is physically damaged, deteriorated, or defective in such a way as to foreseeably endanger those using the property itself," or its design, location, or relationship to its surroundings endangers users. (*Bonanno v. Central Contra Costa Transit Authority* (2003) 30 Cal.4th 139, 148–149.) Although the existence of a dangerous condition is generally a factual question, it may be decided as a matter of law if reasonable minds could reach only one conclusion. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1133.)

A public entity may be liable for injuries caused by a dangerous condition of public property, even when the immediate cause of harm is the negligent or criminal act of a third party, if a physical characteristic of the property itself heightened the risk posed by such third-party conduct. (*Sun v. City of Oakland* (2008) 166 Cal.App.4th 1177, 1187 (*Sun*).) Still liability cannot rest solely on the occurrence of harmful third-party behavior, such as a motorist's actions. (*Ibid.*) Third-party misconduct, standing alone and unrelated to the physical condition of the property, does not constitute a dangerous condition. (*Ibid.*) To establish liability, there must be a defect in the property's physical condition that bears a causal relationship to the third-party act. (*Ibid.*) In short, liability under section 835 arises only where a feature of the property has increased or intensified the risk of injury from third-party conduct. (*Ibid.*)

"[T]o withstand a demurrer, a complaint must allege ultimate facts, not evidentiary facts or conclusions of law." (*Logan v. Southern Cal. Rapid*

4

*Transit Dist.* (1982) 136 Cal.App.3d 116, 126.) But because Schermerhorn's cause of action against the City is based on statute, " 'every fact material to the existence of its statutory liability must be pleaded with particularity.' " (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 (*Lopez*).)

We apply a two-step review to a demurrer ruling. (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 292.) First, we independently evaluate the complaint to determine whether it states a viable cause of action under any legal theory. (*Ibid.*) In doing so, we construe the complaint liberally, accept as true all properly pleaded material facts not contradicted by other allegations, attached exhibits, or matters subject to judicial notice, and disregard legal conclusions, contentions, and factual inferences. (*Ibid.*) The plaintiff must affirmatively demonstrate error by showing that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879–880.) Second, we consider whether the trial court abused its discretion in denying leave to amend. (*Morris*, at p. 292.) An abuse of discretion occurs where there is a reasonable possibility the plaintiff could cure the defect by amendment. (*Ibid.*) At either step, it is the plaintiff's burden to show the trial court erred. (*Id.* at pp. 292–293.)

## A.  *Schermerhorn Did Not Sufficiently Allege a Dangerous Condition*

To plead the existence of a "dangerous condition" under sections 835 and 830, subdivision (a), with the particularity required by law, the plaintiff must allege facts showing that the property posed a *substantial* risk of injury when it was used with due care in a foreseeable manner. (§ 830, subd. (a).)

5

The condition must be more than trivial and must create a reasonably foreseeable risk of the specific injury sustained. (*Brown*, *supra*, 4 Cal.4th at p. 829.)

Schermerhorn alleged in paragraph 28 that the City failed to properly design, repair, and maintain the roadway, resulting in increased traffic speed and collision rates, decreased driver reaction time, and impaired visibility. But these are effects, not specific physical conditions. Schermerhorn does not identify what particular defect in the roadway created a dangerous condition, how it proximately caused the accident, or how it made similar injuries foreseeable. To the extent Schermerhorn claims the City's failure to repair or maintain the road created a dangerous condition, he has not plead any facts showing how the road was improperly maintained or repaired, or how any such failure caused his injury or created a reasonably foreseeable risk of similar harm.

In an attempt to cure these deficiencies, Schermerhorn added new allegations in paragraph 29 of the operative second amended complaint. He claimed the absence of a "no parking" sign led drivers to park along the side of West San Rafael Drive, and the failure to post a "yield" sign contributed to the collision. He further alleged in conclusory fashion that various roadway features (e.g., lighting, markings, traffic control devices, curvature, slope and angle) rendered the property dangerous.

This amendment falls short for several reasons. First, the failure to install traffic control devices—including warning or regulatory signs such as "no parking" or "yield"—cannot, by itself, give rise to liability. (§ 830.4; *Tansavatdi v. City of Rancho Palos Verdes* (2023) 14 Cal.5th 639, 660.) Such claims are barred unless the plaintiff can plead the "concealed trap"

6

exception under section 830.8[2]—that the absence of a warning sign concealed a dangerous condition not apparent to a person exercising due care, and that the absence of the sign was an independent, concurring cause of the accident. (*Cameron v. State of California* (1972) 7 Cal.3d 318, 329.)

Schermerhorn fails to meet this standard. There are no facts alleging that the absence of a "no parking" sign made an otherwise hidden danger unreasonably unsafe to careful drivers, or that it independently contributed to the accident. Nor does the claim make logical sense. Pawley did not park—he pulled over and attempted an illegal U-turn into oncoming traffic. A "no parking" sign would not have deterred or prevented that illegal maneuver. Similarly, the claim that the City should have posted a "yield" sign fails under both section 830.4 and Vehicle Code section 21804.[3] Subdivision (a) of the latter statute imposes a duty to yield on the driver entering a roadway—not on through traffic. (Veh. Code, § 21804.)

---

[2] Section 830.8 provides: "Neither a public entity nor a public employee is liable . . . for an injury caused by the failure to provide traffic or warning signals, signs, markings or devices described in the Vehicle Code. Nothing in this section exonerates a public entity or public employee from liability for injury proximately caused by such failure if a signal, sign, marking or device (other than one described in Section 830.4) was necessary to warn of a dangerous condition which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care."

[3] Vehicle Code section 21804 provides: "(a) The driver of any vehicle about to enter or cross a highway from any public or private property, or from an alley, shall yield the right-of-way to all traffic, as defined in Section 620, approaching on the highway close enough to constitute an immediate hazard, and shall continue to yield the right-of-way to that traffic until he or she can proceed with reasonable safety. [¶] (b) A driver having yielded as prescribed in subdivision (a) may proceed to enter or cross the highway, and the drivers of all other vehicles approaching on the highway shall yield the right-of-way to the vehicle entering or crossing the intersection."

7

Schermerhorn offers no facts supporting application of subdivision (b), such as an allegation that Pawley properly yielded to all oncoming traffic before attempting his illegal U-turn. Thus, no dangerous condition can be inferred from the alleged absence of signage.

Even aside from statutory immunities, Schermerhorn's allegations lack the specificity required to show how any feature of the roadway—such as its curve, slope, or lighting—made this type of accident foreseeable or increased the risk of third-party misconduct. (*Sun*, *supra*, 166 Cal.App.4th at p. 1187.) The complaint does not allege any defect in the property that enhanced the danger posed by Pawley's unlawful U-turn. It fails to tie any physical feature of the property to the injury in a meaningful way, as section 835 requires. Vague, boilerplate references to general roadway characteristics are insufficient.

In short, Schermerhorn has not pleaded facts—much less with the required particularity—to support the existence of a dangerous condition of public property under sections 835 and 830.[4]

## B.    *The Trial Court Properly Denied Leave to Amend*

A trial court generally abuses its discretion by denying leave to amend following a sustained demurrer if there is a reasonable possibility the plaintiff can cure the defect. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) Although a reviewing court may consider the issue in the first instance, the plaintiff bears the burden of demonstrating how the complaint could be amended to state a viable claim. (*T.H. v. Novartis*

---

[4]    Because Schermerhorn failed to properly allege a dangerous condition of public property, we need not address the City's additional argument that he did not adequately plead actual or constructive notice of the dangerous condition.

8

*Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162; *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)  Schermerhorn has not met that burden.

Here, Schermerhorn expressly stated in briefing that all relevant facts have been alleged and he has no additional facts to add absent discovery.  But the Government Claims Act does not permit a plaintiff to embark on a fishing expedition for evidence that might support a dangerous condition claim.  Rather, he was required to plead with particularity every fact essential to establishing the City's statutory liability.  (*Lopez, supra*, 40 Cal.3d at p. 795.)  Because Schermerhorn has failed to identify any specific factual allegations he could add to cure the defects we have identified, amendment would be futile and the trial court did not abuse its discretion by denying leave to amend.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.


DATO, J.


WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.

9